I. INTRODUCTION
This matter comes before the court for decision after trial.
 II. FACTS
On April 14, 1998, Defendants Denis J. Faris and Carolyn M. Faris (taxpayers) timely filed Oregon and federal joint personal income tax returns for tax year 1997. On January 16, 1999, taxpayers filed an amended federal return for the 1997 tax year. On January 22, 1999, taxpayers filed an amended Oregon return with Plaintiff Department of Revenue (the department). The amended returns reported no taxable income and no tax due. Taxpayers included with their amended Oregon return a two-page printed form, filled in by taxpayers, that stated various reasons why the Internal Revenue Code (IRC) did not impose income tax.
On January 22, 1999, and April 15, 1999, Larry Boyd, a department auditor, requested records to substantiate the amended Oregon return. The department did not receive the requested records and, on October 5, 1999, issued a Notice of Deficiency (NOD) based on the information contained in the original return to taxpayers for the 1997 tax year. Boyd also sent taxpayers an auditor's report the same day.
On October 15, 1999, taxpayers responded to the NOD by letter, stating that they had received a federal refund based on their amended federal return so did not *Page 359 
understand why they had received a notice of deficiency because it was their understanding that the Oregon tax laws were the same as the federal tax laws. Boyd responded with a letter that explained that the department was not bound to agree with a determination by the Internal Revenue Service (IRS) and that the NOD was issued because taxpayers had not provided the information he had requested. In addition, Boyd advised taxpayers to review the appeal rights that were on the NOD. On November 9, 1999, taxpayers sent another letter in which they disputed the validity of the NOD and authority of department to request records relating to the changes made on the return. On December 14, 1999, the department issued a Notice of Tax Assessment (NO A) to tax-payers that assessed taxes, interest, and penalties for tax year 1997. On February 29, 2000, taxpayers appealed the NOA to the Magistrate Division of this court.
In the Magistrate Division, taxpayers argued that the NOD did not meet the statutory notice requirements because it did not include the auditor's handwritten signature or the language "I certify" or "it is certified." The magistrate agreed with taxpayers, and the department appealed to the Regular Division. The complaint filed by the department sought a determination that the decision of the magistrate was in error and that the department's tax assessment against taxpayers be sustained.
As a preliminary matter, taxpayers filed a motion for summary judgment and the department filed a partial motion for summary judgment on the notice issue that was dispositive in the Magistrate Division case. This court concluded that a NOD is not required to include a handwritten signature or contain the words "I certify" or "it is certified" to satisfy the statutory notice requirements. Accordingly, the court granted the department's partial motion for summary judgment and denied taxpayers' motion for summary judgment. Dept. of Rev. v. Faris I,19 OTR 178, 186 (2006). Although the court might have remanded the matter to the Magistrate Division, the case was retained in the Regular Division to address the propriety of the department's tax assessment. Id. at 187. The taxpayers' challenges to the assessment were raised by counterclaims made by taxpayers. *Page 360 
At trial, Boyd testified that he based the NOD on information contained in the original Oregon tax return filed by tax-payers and not on the amended return. Boyd also testified that he based his auditor's report solely on taxpayers' Oregon return and not on any IRS reports. Taxpayers provided no evidence to the contrary. Denis Faris testified on behalf of taxpayers that they based their amended return on the information and positions contained in the two-page form that was filed with their amended Oregon return. Taxpayers provided no other testimony or evidence to support their position.
 III. ISSUES
(1) Did the department properly assess taxpayers for the 1997 tax year?
(2) Is the department entitled to damages and attorney fees for a frivolous appeal?
 IV. ANALYSIS
Taxpayers assert that they properly filed the amended return showing no income for 1997 because they are not liable for federal income tax, and are, therefore, not liable for Oregon income tax. The crux of taxpayers' argument is that the federal system suffers from a wide variety of flaws that prevent imposition of tax liability, and, by virtue of its relationship to the federal system, Oregon's system similarly fails to impose any income tax. Taxpayers also assert that they have no income as defined by the United States Supreme Court and that the department improperly relied upon fraudulent information in the form of a report distributed by the IRS. The department argues that they properly determined and assessed taxpayers' income tax deficiency for the 1997 tax year and that taxpayers are liable for income tax. In addition, the department asks for damages under ORS 305.437[1] and attorney fees for frivolous appeal under ORS 20.105(1).
A. Taxpayers' 1997 Oregon income tax liability
1-3. Taxpayers cite both federal and state law in making their arguments and appear to have no real understanding of *Page 361 
the applicability of each body of law to the facts of their case. Taxpayers' main contention, and the one upon which they expend most of their efforts, is that the federal income tax system suffers from a wide variety of flaws, mostly procedural, that render it invalid. To the extent that this relates to Oregon income tax liability, taxpayers theorize that they have none because the claimed flaws in the federal system render them without federal liability. The remainder of tax-payers' arguments relate to questions of Oregon law. The court begins its analysis with taxpayers' argument regarding liability for federal income tax.
Taxpayers rely on the language ORS 316.007 to support that argument. That statute provides as follows:
 "It is the intent of the Legislative Assembly, by the adoption of this chapter, insofar as possible, to make the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code relating the measurement of taxable income of individuals * * * modified as necessary by the state's jurisdiction to tax and the revenue needs of the state; to achieve this result by the application of the various provisions of the federal Internal Revenue Code relating to the definition of income, exceptions and exclusions therefrom, deductions (business and personal), accounting methods, taxation of trusts, estates and partnerships, basis, depreciation and other pertinent provisions relating to gross income as defined therein, modified as provided in this chapter, resulting in a final amount called `taxable income'; and to impose a tax on residents of this state measured by taxable income wherever derived * * *."
A careful reading of the entire statute discloses that it is the legislature's intent to tax residents of this state on their taxable income, and that federal provisions are utilized in the measurement of such income. Id. Taxpayers are mistaken in their belief that federal income tax liability must be established before Oregon income tax liability. Curtis v.Dept. of Rev., 17 OTR 414, 418 (2004), aff'd,338 Or 579, 112 P3d 330 (2005) (citing Detrick v. Dept. ofRev., 311 Or 152, 156, 806 P2d 682 (1991)). Oregon income tax liability may be calculated independently from federal income tax liability. Id. Although Oregon does utilize various provisions from the Internal Revenue Code (IRC) to define taxable income, *Page 362 
Oregon does not rely on federal returns nor enforce federal procedural rules. Id. at 419. Accordingly, taxpayers' various assertions regarding the validity of the federal system and purported lack of federal liability for 1997 are fundamentally wrong.
Even were the validity of the federal system or liability for federal income tax at issue, each of taxpayers' arguments as to the federal system of income tax has been rejected. InCurtis, the plaintiff similarly asserted the federal tax system was invalid because of a variety of flaws, and, therefore, that she did not have Oregon tax liability.Id. at 418. The court noted that, "[r]egardless of whether the federal income tax system must be valid in order for its definitions to be incorporated by reference pursuant to ORS316.007 to 316.076, taxpayer's challenges to the validity of those provisions have been rejected * * *." Id.
(citation and footnote omitted). Here, taxpayers make the following similar arguments regarding the validity of the federal system: (1) that the IRS has no jurisdiction over taxpayers because it only has jurisdiction over ports of entry, service ports, and customs stations, (2) that the IRS does not have the authority to adjust tax returns, (3) that the form 1040 is not a valid form because it fails to conform to the Paperwork Reduction Act, (4) that the IRS has created an artificial entity that is subject to taxation instead of the taxpayer, and (5) that there is no federal statute creating income tax liability. The court notes that none of these positions has any basis in law or fact. See Edwards v. Comm'r, 84 TCM (CCH) 24 (2002) (memorandum decision) (holding an argument that the IRS lacks jurisdiction for the reasons stated by taxpayer here to be pure "gibberish"); Hill v. Comm'r, 85 TCM (CCH) 1328 (2003) (memorandum decision) (determining that IRS properly determined unreported income where taxpayer filed return reporting zero income); United States v. Hicks,947 F2d 1356, 1359 (1991) (holding that whether IRS complied with Paperwork Reduction Act did not prevent penalties for failing to file a return); Lovell v. United States,755 F2d 517, 519 (1984) ("All individuals, natural or unnatural, must pay federal income tax on their wages * * *."); Commissioner v.Glenshaw Glass Co., 348 US 426, 430, 75 S Ct 473,99 L Ed 483 (1955) (Glenshaw) (holding that the IRC imposes taxes on all *Page 363 
income from whatever source derived). In addition, each of those arguments has been analyzed by the IRS and found to be frivolous. See generally IRS Notice 2007-30, 2007-14 IRB 883-86 (identifying frivolous positions).
Taxpayers also make two main arguments that are unrelated to the validity of the federal system. First, taxpayers argue that the earnings they have received do not fall within the meaning of income as defined by the United States Supreme Court and that the department is improperly attempting to reach that income by wrongly classifying them as a business entity. Second, taxpayers argue that the department improperly relied on information that was improperly obtained by the IRS and provided to the department.
In their first argument, taxpayers complain that no one has pointed them to any law that permits taxation of their income as defined by the United States Supreme Court and assert that no such law exists. In support of that contention, they rely onGlenshaw. Taxpayers argue that, underGlenshaw, income includes only profit or gain. Taxpayers' reliance on Glenshaw is misplaced. Indeed, the income at issue in Glenshaw was neither profit nor gain. Id. at 428-29. The United States Supreme Court, citing what is now IRC section 61, stated that gross income is "gains or profits and income derived from any sourcewhatever" and concluded that the income was taxable.Glenshaw, 348 US at 430 (emphasis added). Taxpayers are, in essence, arguing that their wages or earnings are not income. Other taxpayers have attempted the same or similar arguments in the past to no avail. See Combs v. Dept. ofRev., 15 OTR 60, 61 (1999), aff'd, 331 Or 245,14 P3d 584 (2000) (holding that such a claim was "unrealistic and uninformed"); Christenson v. Dept. of Rev.,18 OTR 269, 273 (2005) (holding that such a position "is without merit"); Clark v. Dept. of Rev., 15 OTR 197, 200
(2000), aff'd, 332 Or 236, 26 P3d 821 (2001) (stating that such a view is "patently distorted and removed from reality * * *").
4. In a related argument, taxpayers assert that they are being improperly classified as a business entity and that the department is improperly applying provisions of ORS chapter 314
to taxpayers. Boyd testified that the department *Page 364 
did not so classify taxpayer. In addition, ORS 314.021 clearly applies chapter 314 to the personal income tax provisions in chapter 316. There is no indication that chapter 314 is meant to apply only to business entities, as taxpayers assert. That argument is also without merit.
As to taxpayers' second argument, the department's purported reliance on IRS reports, the court must first point out that it is not improper for the department to rely on information from the IRS for the purposes of determining and assessing tax.Curtis, 17 OTR at 419 ("Although taxpayer objects to the fact that the department used information obtained from the IRS, that practice is clearly available to the department for the purposes of determining and assessing a tax.") (citation omitted). In addition, Boyd testified that the department did not rely on such information from the IRS to create the NO A, but made an independent assessment based on the best available information, in this case, the original return. Taxpayers offered no evidence counter to Boyd's credible testimony on that point. Taxpayers' argument on this point is without merit. Accordingly, the court concludes that the department properly determined and assessed taxpayers' 1997 Oregon income tax deficiency.
B. Damages and attorney fees
ORS 305.437 provides that the department is to be awarded damages of up to $5,000 in the case of an appeal "[w]henever it appears * * * that the taxpayer's position * * * is frivolous or groundless * * *." "[A] taxpayer's position is `frivolous' if there was no objectively reasonable basis for asserting the position." ORS 305.437. To determine whether taxpayers' arguments were without an objectively reasonable basis at the time they were made, the court considers whether the arguments are entirely devoid of legal or factual support. Patton I v.Dept. of Rev., 18 OTR 111, 126-27 (2004).
Taxpayers made the following arguments: (1) that they have no federal tax liability, and, therefore, no Oregon tax liability,[2] (2) that their earnings are not income either *Page 365 
because they do not have income as defined by the United States Supreme Court or because they have been improperly classified as a business entity, and (3) that the department improperly relied upon an IRS report in determining taxpayers' income tax liability.
6. Taxpayer's first position, that flaws in the federal system prevent taxation of income in Oregon, was found to be frivolous in Curtis. 17 OTR at 424-25. As stated above, the argument that wages are not income has been repeatedly found frivolous. See Combs, 331 Or at 248. The related argument that taxpayers were improperly classified and assessed as a business entity fails for the same reason, in addition to the fact that taxpayers failed to provide any evidence to support their assertion that the department classified them as a business entity. Taxpayers' argument that the department relied on fraudulent information improperly distributed by the IRS is also frivolous. First, the department is clearly able to use information provided by the IRS. Curtis,17 OTR at 419. Second, taxpayer provided no evidence that either the information was fraudulent or that the department relied upon it. Indeed, the only testimony on the issue, that of Boyd, runs counter to taxpayers' assertion. In addition, the court has previously determined a similar position in Curtis to be without an objectively reasonable basis. 17 OTR at 419, 425. Each of taxpayers' positions is without basis in law or fact within the meaning of ORS 305.437. Accordingly, the court must award the department damages as required by that statute.
Under ORS 20.105(1), "the court shall award reasonable attorney fees to a party against whom a claim, defense, or ground for appeal or review is asserted * * * upon a finding by the court * * * that there was no objectively reasonable basis for asserting the claim, defense, or ground for appeal." However, "[a] nonprevailing party may completely avoid an award of attorney fees if, throughout the proceedings, even one claim, defense, or ground for appeal is warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law." Patton II v. *Page 366 Dept. of Rev., 18 OTR 256, 262 (2005) (citingSeely v. Hanson, 317 Or 476, 484, 857 P2d 121 (1993). The court notes that there may be some question as to how to apply that rule given the procedural history of this case. Accordingly, questions of entitlement to and amount of attorney fees may be addressed pursuant to application under Tax Court Rule (TCR) 68.
 V. CONCLUSION
Based on the foregoing, the court concludes that the department properly calculated taxpayers' income tax liability, penalty, and interest for 1997. Further, taxpayers' positions have no objectively reasonable basis in fact or law, and are, therefore, frivolous within the meaning ORS 305.437. Now, therefore,
IT IS DECISION OF THIS COURT that Defendants shall be assessed taxes, penalties, and interest as set out in the NOA for the 1997 tax year;
IT IS FURTHER DECIDED that Plaintiff shall be awarded damages in the amount of $2,500.
IT IS FURTHER DECIDED that attorney fee issues may be addressed pursuant to TCR 68.
[1] All references to the Oregon Revised Statutes (ORS) are to the 1997 edition.
[2] The court notes that most of taxpayers' arguments are subsumed in this main assertion. As the court points out above, however, taxpayers' various complaints regarding the federal income tax system are both irrelevant and frivolous. Further, no documentation from the IRS was relied upon by the department. Accordingly, the court will determine only whether the main argument, that a lack of Oregon income tax liability must follow a lack of federal income tax liability, is frivolous. *Page 367