Submitted on the record April 22, judgment of Tax Court affirmed July 17, 2008

## DEPARTMENT OF REVENUE,
*Plaintiff-Respondent,*

*v.*

## Denis J. FARIS
and Carolyn M. Faris,
*Defendants-Appellants.*

(TC 4755; SC S055458)

190 P3d 364

Denis J. Faris, and Carolyn M. Faris, appellants *pro se*, filed the brief for defendants-appellants.

Melisse S. Cunningham, Assistant Attorney General, Salem, filed the brief for plaintiff-respondent. With her on the brief was Hardy Myers, Attorney General.

WALTERS, J.

## WALTERS, J.

In this appeal from a decision of the Oregon Tax Court, taxpayers challenge a notice of deficiency issued by the Department of Revenue (department) as failing to comply with the statutory certification requirement of ORS 305.265(2). Taxpayers assert that the notice was not properly certified because it did not include a hand signature attesting that it was issued in good faith.

ORS 305.265(2) provides that the notice of deficiency shall:

"(a)  State the reason for each adjustment;

"(b)  Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and

"(c)  Be *certified by the department* that the adjustments are made in good faith and not for the purpose of extending the period of assessment."

(Emphasis added.)

In this case, the department issued taxpayers a notice of deficiency that states the reason that the department adjusted taxpayers' personal income tax return and contains references to the statutes supporting that adjustment, as required by ORS 305.265(2)(a) and (b). The notice is printed with the name of the department, and the first page of the notice contains the following sentence: "All adjustments have been made in good faith, and are not for the purpose of extending the period during which the department may assess additional taxes against you." Beneath that sentence and a summary of the deficiency and the amounts due are printed the name, title, location, and telephone number of Larry Boyd, the department auditor who conducted the audit and issued the notice of deficiency.

After issuing the notice of deficiency, the department issued a notice of assessment to assess the deficiency. Taxpayers appealed from the notice of assessment to the Magistrate Division of the Tax Court, claiming that the notice of deficiency did not comply with the certification requirement of ORS 305.265(2)(c) because it did not contain

the words "I certify" or "it is certified" or a handwritten signature. The magistrate issued a decision in favor of taxpayers, and the department appealed that decision to the Regular Division of the Oregon Tax Court. The parties filed cross motions for summary judgment on the issue of whether the notice of deficiency complied with the statutory certification requirement. The tax court decided the issue in favor of the department and granted its motion. The tax court then determined the remaining issues and entered judgment against taxpayers for the amount of the deficiency. *Dept. of Rev. v. Faris*, 19 OTR 357 (2007). Taxpayers appealed, raising the issue of the department's compliance with the statutory good faith certification requirement.[1] We affirm the decision of the tax court.

We begin our analysis with *Preble v. Dept. of Rev.*, 331 Or 320, 14 P3d 613 (2000). In that case, the court held that a notice of deficiency that does not include the certification required by ORS 305.265(2)(c) cannot form the basis for a department assessment. Under *Preble*, if ORS 305.265(2)(c) requires a handwritten signature, the judgment against taxpayers would be invalid. We therefore turn to the arguments of the parties on that question of statutory interpretation.

██ The parties initially agree, correctly, that the phrase "[b]e certified by the department" in ORS 305.265(2)(c) requires the department to issue its notices of deficiency in writing. This court has held that, when "used in legislative enactments[,]" certification cannot be oral; it requires a writing as a record for future reliance. *State ex rel Anderson v. Paulus*, 283 Or 241, 245-46, 583 P2d 531 (1978). Taxpayers take their argument further, however, and contend that, to be certified, a notice of deficiency must be hand signed. Taxpayers assert that the issuance of a computer-generated document with the name of the auditor printed on it is insufficient to meet the requirement of ORS 305.265(2)(c). The department disagrees, grounding its argument, first and foremost, in the definition of the word "certify."

---

[1] Taxpayers raise a number of arguments in addition to the certification argument, but they are not well taken and do not merit discussion.

The word "certify" is not statutorily defined. Thus, we look to the dictionary. *Webster's* first definition of the verb "certify" is the one that is relevant here:

"1: to attest esp. authoritatively or formally: a: CONFIRM * * * b: to present in formal communication, esp. in a document under hand or seal * * * c: to confirm or attest often by a document under hand or seal as being true, meeting a standard, or being as represented * * *[.]"

*Webster's Third New Int'l Dictionary* 367 (unabridged ed 2002). The basic definitions in *Black's* are similar:

"1. To authenticate or certify in writing. 2. To attest as being true or meeting certain criteria."

*Black's Law Dictionary* 241 (8th ed 2004).

Those definitions indicate that, to certify a statement, the actor must take formal action that attests to the truth of that statement. Those definitions also indicate that such formal action "especially" or "often" occurs "under hand or seal." Thus, the word "certify" can mean "hand signed," but it does not necessarily carry that meaning. Perusal of some of the thousands of statutes and rules in Oregon that use the terms "certify," "certified," or "certification" demonstrates that the legislature has used those terms in a variety of ways without always mandating a hand signature. For example, ORS 133.069 sets forth the required contents of a criminal citation issued with a form of complaint, and provides, in part, that the "peace officer must *certify* that the peace officer has sufficient grounds to believe, and does believe, that the person named in the complaint committed the offense * * *." ORS 133.069(1)(c)(C) (emphasis added). The legislature apparently contemplated that the officer could accomplish that certification by hand signing the criminal citation, but did not necessarily impose that requirement. ORS 133.073(1) permits an officer to electronically file a criminal citation "without [his or her] actual signature," and provides that, by doing so, the officer is deemed to "certify" the citation. Other statutes or rules impliedly distinguish, rather than equate, signature and certification. ORS 244.110(1), for example, provides that certain statements of economic interest "shall be *signed and certified* as true by the person required to file [them] * * *." (Emphasis added.)

Although the legislature's intent is not immediately obvious from its use of the word "certified" alone, the remainder of the text at issue in ORS 305.265(2)(c) provides helpful context. That provision requires that the *department*, not an individual departmental agent, certify that the adjustments are made in good faith. The department is an entity that, through its agents, can take effective action, but as an entity it does not have the ability to hand sign a document. The legislature's choice to charge an entity, rather than an individual, with the responsibility to certify notices of deficiency lends support to the department's argument that the legislature did not intend to require certification by hand signature.

The department also points to the predecessor statute to ORS 305.265, *former* ORS 314.405(1) (1969), as an indication that the legislature did not intend to require a hand signature.[2] *See Carlson v. Myers*, 327 Or 213, 223, 959 P2d 31 (1998) (first-level *PGE* analysis includes earlier versions of same statute as "context") (citing *Krieger v. Just*, 319 Or 328, 876 P2d 754 (1994)). The prior statute required that a notice of deficiency be certified by the individual auditor who audited the return:

> "The notice [of deficiency] shall state the reason for each proposed adjustment to the return and a reference to the statute, regulation or department ruling upon which the proposed adjustment is based. Each notice of deficiency and proposed assessment shall be *certified by the auditor* who audited the return that he has audited the return and that the proposed adjustments to the return are made in good faith and not for the purpose of extending the period of assessment."

*Former* ORS 314.405(1) (1969) (emphasis added). The department assumes that the prior statute required the auditor's hand signature[3] and contends that the change in the statutory text was designed to eliminate that signature requirement: By eliminating the requirement that the

_____

[2] In 1971, the legislature amended *former* ORS 314.405(1) (1969). The 1971 version of that statute is substantially similar, and identical in all relevant respects, to the current version of ORS 305.265. ORS 305.265 itself, however, was not adopted until 1977.

[3] We do not decide that question and emphasize that the use of the word "certified" does not, alone, necessitate that conclusion.

department's auditors sign notices of deficiency, the legislature effectively eliminated the department's obligation to affix any signature whatsoever to those documents.

Taxpayers contend, to the contrary, that the text of the predecessor statute supports their argument. Specifically, taxpayers argue that the prior text required that the individual auditor sign the notice of deficiency to indicate that he or she had made the adjustments reflected in the notice in good faith. In taxpayers' view, the change to the statute maintained the signature requirement, but broadened the class of persons who could affix a signature to the notice to satisfy that requirement. According to taxpayers, departmental certification enables any "authorized 'certifier' " in the department to certify a notice of assessment—eliminating not the hand signature requirement, but the requirement that a particular auditor do that signing.

We conclude that the department's interpretation of the amendment is the more persuasive, particularly given the purpose of certification set forth in the statute. That purpose is to give the taxpayer notice of the deficiency and of the department's intention to make an assessment based on it. *See* ORS 305.265(2) (requiring the department to give notice of deficiency).[4] The prior statute required the auditor who conducted the audit and arrived at the deficiency determination to certify that he or she did so in good faith. The current statute requires that the department attest to the good faith of the auditor. The most logical conclusion is that, when the legislature eliminated the requirement of certification by the auditor, it did so to effect a meaningful change—elimination of the signature requirement—not to mandate a signature by a different departmental agent who would lack the personal knowledge of the auditor.

---

[4] ORS 305.265(2) provides, in part:

"As soon as practicable after a report or return is filed, the department shall examine or audit it, if required by law or the department deems such examination or audit practicable. If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it shall compute the tax and give notice to the person filing the return of the deficiency and of the department's intention to assess the deficiency, plus interest and any appropriate penalty."

Taxpayers urge us to proceed beyond the statutory text and context to the legislative history of ORS 305.265(2), and they argue that we will find support for their position in that examination. The Tax Court considered the statute's legislative history and explained:

"At an April 14, 1971, hearing, the department proposed that the entire certification requirement be removed because it wished to facilitate the use of computers in issuing assessments. *See* Tape Recording, Senate Committee on Taxation, HB 1324, Apr 14, 1971, Tape 8, Side A (statement of T. A. Lindstrom, Oregon Department of Revenue). The department wanted to eliminate any handwritten signature requirement because it kept the department 'from being able to utilize [its] computer in computing and sending out * * * notices' due to the fact that the NODs had to be returned 'to the auditor who made the audit' for signature. *Id.*

"The bill later returned to committee amid concerns about removing the entire certification requirement. *See* Minutes, Senate Committee on Taxation, May 7, 1971, 1. Assistant Attorney General Ted DeLooze and department representative Mike McCormack testified that the department did not object to having the department certify the notices, *but that they did 'want to eliminate the hand signing by the individual auditor.' Id.* The 'bill was so amended * * *.' "

*Dept. of Rev. v. Faris*, 19 OTR 178, 183-84 (2006) (emphasis added; ellipses in original).

Taxpayers concede that the stated purpose of the amendment was to eliminate the inefficiency that inhered in the requirement of a hand signature by the auditor. They emphasize, however, that, at that 1971 hearing, the department representative did not expressly state that the department wanted to eliminate *all* hand signing, only that it wanted to "eliminate the hand signing by the individual auditor." Taxpayers argue that, by refusing to completely eliminate the certification requirement, the legislature intended to ensure that the department would have a real person read over the document and, by hand signing it, take responsibility for it. Without a hand signature, taxpayers assert, the necessary manifestation of formality needed to

turn a notice from a statement into a certification of good faith is missing, and that a certification, not a mere statement, is what the statute requires.

We conclude, from the text and context of ORS 305.265(2) alone, that the legislature did not intend to require a hand signature in order to certify a notice of deficiency. Taxpayers do not convince us that there is a need to consult legislative history, or that, if we were to do so, our conclusion would be different.

We hold that, by requiring that notices of deficiency "be certified by the department," the legislature did not impose a requirement that a departmental employee hand sign those notices, but, instead, required that the department assure taxpayers in writing, and with a degree of formality, that the adjustments to their taxes were made in good faith. We further hold that the notice that was issued in this case met that requirement and therefore was "certified" as required by ORS 305.265(2)(c).

The judgment of the Tax Court is affirmed.