DECISION
Plaintiff appeals Defendant's income tax assessment for tax years 1999, 2000, and 2001. A trial was held on the Oregon Tax Courtroom, Salem, Oregon, on April 2, 2009. Plaintiff appeared on his own behalf. David Armstrong (Armstrong), Tax Auditor, appeared on behalf of Plaintiff.
 I. STATEMENT OF FACTS
Plaintiff testified that he did not file Oregon personal income tax returns for tax years 1999, 2000, and 2001. Plaintiff stated that "[m]onies [he] received are not taxable income;" "[t]here exists no constitutional requirement to file a return or report;" and all penalties assessed by Defendant "are invalid." (Ptf's Ltr, Mar 18, 2009.)
Armstrong testified that, using "the best available" information provided by the Oregon Department of Employment and Internal Revenue Service, Defendant computed a tax-to-pay for Plaintiff for each of the tax years. Defendant assessed a failure to file penalty in accordance with ORS 305.265(10).
In addition, for tax years 1999, 2000, and 2001, Defendant assessed a penalty for "filing [an] incorrect return that is based on "\[a] frivolous position or is intended to delay or impede administration." ORS 316.992. For tax year 2001, Defendant imposed a penalty for *Page 2 
"understatement of taxable income." ORS 314.402. Those penalties appear to relate to Plaintiff's 2004 communication with Defendant. In response to "Letters dated March 26, 2004, Notice and Demand to File," Plaintiff mailed full-year resident Form 40 tax forms for tax years 1999, 2000 and 2001 to "Kim" on April 23, 2004. (Def's Ex G.) On those forms, Plaintiff typed his name, social security number, year of his birth, current mailing address, and checked filing status (single) and exemptions (yourself). In his letter dated April 23, 2004, Plaintiff wrote:
 "I have enclosed the forms I think you want, with the information I have. I have no records for the time in question. I have done my best to fulfill your request. I question the accuracy of your information. With your refusal to respond to my inquiries, I can only assume the information is fabricated." (Id.)
Plaintiff did not sign the forms nor put any other information other that than stated above on the forms.
 II. ANALYSIS
Plaintiff alleges that monies paid to him by various entities are not taxable income. Plaintiff raised similar arguments in support of his constitutional right not to pay taxes on earned income when he appeared before the Regular Division of the Oregon Tax Court in 2007. Dept. ofRev. v. Faris II (Faris II), 19 OTR 357 (2007). The court held that plaintiffs were "arguing that their wages or earnings are not income. Other taxpayers have attempted the same or similar arguments in the past to no avail." Faris II at 363 (citations omitted). In that case, plaintiffs' appeal was denied. This court follows its prior holding.
In this case, Plaintiff offered no evidence that the information Defendant used to determine the tax-to-pay was incorrect. Lacking any evidence to the contrary, the court accepts Defendant's tax assessments for tax years 1999, 2000 and 2001 based on "best of its information and belief." ORS 305.265(10).[1] *Page 3 
Defendant assessed Plaintiff a failure to file return penalty for each of the three tax years. ORS 305.992(1) states that "[i]f any returns required to be filed under ORS chapter 118, 314, 316, * * * are not filed for three consecutive years by the due date (including extensions) of the return required for the third consecutive year, there shall be a penalty for each year of 100 percent of the tax liability determined after credits and prepayments for each such year." Plaintiff presented no evidence that he filed income tax returns in any tax year prior to 1999, 2000, or 2001. Defendant's penalty assessments for failure to file are accepted.
For tax years 1999, 2000, and 2001, Defendant assessed a penalty for "filing [an] incorrect return that is based on [a] frivolous position or is intended to delay or impede administration." ORS 316.992. ORS316.992(1) states that "[t]he Department of Revenue shall assess a penalty of $250 against any individual who files what purports to be a return of the tax imposed by this chapter * * *." Even though Defendant assessed penalties for failure to file income tax returns for three consecutive years, Defendant also assessed Plaintiff penalties for filing "incorrect" returns. In the case before the court, Plaintiff testified that he did not file income tax returns for any of the tax years because he argues that there is no constitutional requirement to file a return and he has no taxable income. The "information" Plaintiff submitted to "Kim" in response to her letters was not sufficient, in Defendant's opinion, to reach the threshold requirement for a filed return because it assessed penalties in subsequent years (2003, 2004 and 2005) for failure to file returns for three prior consecutive years.See Faris v. Dept. of Rev., TC-MD No 070768E (penalties assessed for tax years 2003, 2004, and 2005 for failing to file income tax returns for three consecutive years). Having concluded that Plaintiff did not file income tax returns, Defendant cannot assess the penalty for filing an incorrect return. *Page 4 
For tax year 2001, Defendant assessed Plaintiff a penalty for substantial understatement of taxable income. ORS 314.402(1) states that "[i]f the Department of Revenue determines that there is a substantial understatement of taxable income for any taxable year under any law imposing a tax on or measured by net income, there shall be added to the amount of tax required to be shown on the return a penalty equal to 20 percent of the amount of any underpayment of tax attributable to the understatement of taxable income." Understatement is defined in ORS314.402(4)(b) as "the excess of the amount of taxable income required to be shown on the return for the taxable year over the amount of the taxable income which is shown on the return * * *." Having previously concluded that Plaintiff did not file an income tax return for any of the tax years before the court, including 2001, the information required to determine an understatement, specifically "amount of the taxable income which is shown on the return," is not available. ORS 314.402(4)(b). Defendant cannot assess to Plaintiff a substantial understatement penalty for tax year 2001.
 II. CONCLUSION
In Oregon, it is well settled law that wages are income. Plaintiff failed to carry the burden of proof that Defendant's tax assessments for tax years 1999, 2000, and 2001 are incorrect. Defendant correctly assessed penalties for Plaintiff's failure to file income tax returns for three consecutive years. Defendant incorrectly assessed penalties for substantial
understatement of taxable income in tax year 2001 and filing incorrect returns for tax years 1999, 2000, and 2001 because Plaintiff did not file income tax returns for any tax years before the court. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is granted in part and denied in part for the reasons set forth above.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 2, 2009. The Court filed and entered this document on June 2,2009.
[1] References are to the Oregon Revised Statutes (ORS) for tax years 1997 and 1999. *Page 1