DECISION
Plaintiff appeals Defendant's income tax assessment for tax years 2002, 2003, and 2004. A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on April 2, 2009. Plaintiff appeared on his own behalf. David Armstrong (Armstrong), Tax Auditor, appeared on behalf of Plaintiff.
 I. STATEMENT OF FACTS
Plaintiff did not file Oregon personal income tax returns for tax years 2002, 2003, and 2004. Plaintiff stated that "monies [he] received are not taxable income;" "there exists no constitutional requirement to file a return or report;" and all penalties assessed by Defendant "are invalid." (Ptf's Ltr, Mar 18, 2009.)
Armstrong testified that, using "the best available" information provided by the Oregon Department of Employment and Internal Revenue Service, Defendant computed a tax-to-pay for Plaintiff for each of the tax years. Defendant assessed a failure to file penalty in accordance with ORS 305.265(10).
 II. ANALYSIS
Plaintiff alleges that monies paid to him by various entities are not taxable income. Plaintiff raised similar arguments in support of his constitutional right not to pay taxes on earned *Page 2 
income when he appeared before the Regular Division of the Oregon Tax Court in 2007. Dept. of Rev. v. Faris II (Faris II), 19 OTR 357 (2007). The court held that plaintiffs were "arguing that their wages or earnings are not income. Other taxpayers have attempted the same or similar arguments in the past to no avail." Faris II at 363 (citations omitted). In that case, plaintiffs' appeal was denied. This court follows its prior holding.
In this case, Plaintiff offered no evidence that the information Defendant used to determine the tax-to-pay was incorrect. Lacking any evidence to the contrary, the court accepts Defendant's tax assessments for tax years 2002, 2003, and 2004 based on "best of its information and belief." ORS 305.265(10).[1]
Defendant assessed Plaintiff a failure to file return penalty for each of the three tax years. ORS 305.992(1) states that "[i]f any returns required to be filed under ORS chapter 118, 314, 316, * * * are not filed for three consecutive years by the due date (including extensions) of the return required for the third consecutive year, there shall be a penalty for each year of 100 percent of the tax liability determined after credits and prepayments for each such year." Plaintiff presented no evidence that he filed income tax returns in any tax year prior to 2002, 2003, or 2004. Defendant's penalty assessments are accepted.
 III. CONCLUSION
In Oregon, it is well settled law that wages are income. Plaintiff failed to carry the burden of proof that Defendant's tax assessments for tax years 2002, 2003, and 2004 are *Page 3 
incorrect. Defendant correctly assessed penalties for Plaintiff's failure to file income tax returns for three consecutive years. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 2, 2009. The Court filed and entered this document on June 2,2009.
[1] References are to the Oregon Revised Statutes (ORS) for tax years 2001 and 2003.