IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Corporation Excise Tax

| | | |
|---|---|---|
| FRESENIUS MEDICAL CARE NA HOLDINGS LP, | ) ) ) | |
| Plaintiff, | ) ) | TC-MD 230444R |
| v. | ) ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | **MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR** |
| Defendant. | ) ) | **PARTIAL SUMMARY JUDGMENT** |

This matter is before the court on Cross Motions for Summary Judgment to determine whether a Notice of Deficiency is valid for the tax year ending December 31, 2018, despite the taxpayer being misidentified as a corporation instead of a limited partnership. Oral argument was held in the courtroom of the Oregon Tax Court on October 9, 2024. The court concludes that the Notice of Deficiency is valid because it complied with the meaning and statutory purpose for providing such notices, the error in Plaintiff's name was inconsequential, and the error did not confuse or interfere with Plaintiff's efforts to appeal the deficiency.

## I. STATEMENT OF FACTS

The parties submitted a Joint Stipulation of Facts, and Defendant supplemented the facts with a declaration of Shari Ohmer, Compliance Specialist 3. Plaintiff, Fresenius Medical Care North America Holdings Limited Partnership, is a Delaware limited partnership headquartered in Waltham, Massachusetts. Its Federal Employment Identification Number ("FEIN") is 98-0487511. Plaintiff has elected to be taxed as a C corporation for U.S. federal income tax purposes.

///

In 2018, Plaintiff created an online account with Defendant on the "Revenue Online" system under Account ID 07664271-36. Revenue Online is a secure web service that provides access to tax accounts and account management. However, taxpayers are not required to use Revenue Online, nor do taxpayers or Defendant use this system for filing and processing Corporate Excise Tax returns. Revenue Online allows users to update the legal names associated with their accounts. On Plaintiff's Revenue Online account, the main screen displays the last four digits of Plaintiff's FEIN, just below the name "Fresenius Medical Care NA Holdings Inc." (Ex. 9.) Defendant has no record of Plaintiff attempting to correct its name on the system or raising objections to any incorrect name used in emails, correspondence, or notices. Plaintiff has for years used its Revenue Online account, tied to its Account ID, to make payments for Oregon Corporation Excise Tax and Oregon Corporate Activity Tax. Plaintiff has also accepted, cashed, and requested reissuance for several refund checks, all issued under the name "Fresenius Medical Care NA Holdings Inc." (Ex 15, 16)

Plaintiff timely filed an Oregon Corporation Excise Tax Return ("OR-20") electronically for the tax year ending December 31, 2018. The filing identifies taxpayer as "Fresenius Medical Care North America Holdings LP." (Ex 2.) On February 1, 2022, Defendant emailed Steve Cooper, Plaintiff's Senior Tax Manager, notifying him of the opening of an audit of the Oregon corporate excise tax returns for the 2018 to 2020 tax years for "Fresenius Medical Care NA Holdings LP." (Ex 4.) That same day, Defendant mailed a document request to "Fresenius Medical Care NA Holdings Inc" to the attention of Steven Cooper. (Ex 5.)

After the audit was opened, Plaintiff and Defendant exchanged emails and letters regarding Defendant's requests for documents and information. (Ex 6, 7.) On August 24, 2022, Defendant sent a Notice of Deficiency, Letter ID L0816044320, to "Fresenius Medical Care NA

Holdings Inc." (Ex 8.) The notice contained Plaintiff's correct mailing address and was sent to the attention of Steve Cooper. *Id.*

On September 9, 2022, Plaintiff used the Revenue Online system to request a conference review with Defendant. (Ex 11.) The request stated, "We respectfully request a conference to appeal the Oregon Auditor's treatment of the sale of a non-unitary affiliate, Sound Inpatient Physicians Holding Company LLC, as business gain, and therefore apportionable income. In our opinion, based on the facts and circumstances, the gain from this sale should be treated as nonbusiness income for tax year 2018." *Id.* On August 16, 2023, Defendant sent its Conference Decision Letter, Letter ID L1624693920, to "Fresenius Medical Care NA Holdings Inc." (Ex 13.) On August 22, 2023, Defendant sent a Notice of Assessment, Letter ID L0192306336, to "Fresenius Medical Care NA Holdings Inc." (Ex 14.)

## II. ANALYSIS

There is no dispute that Defendant erred when it issued its Notice of Deficiency, incorrectly identifying Plaintiff as a corporation instead of a limited partnership. Plaintiff argues that this error renders the Notice of Deficiency invalid, and thus, the deficiency should be cancelled. ORS 305.265[1] provides, in part:

> "(2) * * * If the department discovers from an examination or an audit of a report or return or otherwise that a deficiency exists, it **shall** compute the tax and **give notice to the person filing the return** of the deficiency and of the department's intention to assess the deficiency, plus interest and any appropriate penalty. Except as provided in subsection (3) of this section, the notice shall:
> "(a) State the reason for each adjustment;
> "(b) Give a reference to the statute, regulation or department ruling upon which the adjustment is based; and
> "(c) Be certified by the department that the adjustments are made in good faith and not for the purpose of extending the period of assessment." (Emphasis added.)

---

[1] Reference to the Oregon Revised Statutes (ORS) are to the 2017 version.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff focuses on the fact that the name on its 2018 Tax Return does not match the name on the Notice of Deficiency and asserts that the history of communication between the parties is irrelevant. Plaintiff argues that the statutory term "shall" preceding the text "give notice to the person" shows the legislature's intent for strict compliance. Plaintiff contends that Defendant did not strictly comply because the name on the tax return does not match the name on the Notice, and that this error is substantial because a corporation is a legally distinct entity from a limited partnership.

Defendant, on the other hand, argues that the error is immaterial, that it complies with the legislature's intent behind the statute, and that this interpretation is aligned with persuasive authority from federal tax courts. Alternatively, Defendant asserts that the Notice substantially complied with the statute and that Plaintiff's failure to correct its name in prior communications makes it partly responsible for the error.

A. *Preble v Dept. of Rev*.

Plaintiff primarily relies on the Oregon Supreme Court decision in *Preble v. Dept. of Rev.*, 331 Or 320, 4 P3d 613 (2000). In *Preble* the court held that a notice of deficiency is invalid if it fails to include a certification of good faith as required under ORS 305.265(2)(c). The court emphasized that the term "shall" in the statute is a "command," meaning the department has "no discretion regarding whether to include the certificate." *Id*. at 324. The court found that failure to include the certification undermines the legislative intent of the statute. *Id*.

In a subsequent opinion on the same statute, the Supreme Court considered whether the certification of good faith requires a hand signature. *Dept. of Rev. v. Faris*, 345 Or 97, 190 P3d 364 (2008). In that case the court found the term "certified" was not as specific as the terms in

*Preble*. Because the term was not defined by statute the court reviewed its plain and ordinary meaning and held that a handwritten signature was not required. *Id*. at 104.

B. *Meaning of "Notice" in* ORS 305.265(2)(c)

Plaintiff argues that the meaning of "notice to the person filing the return" is sufficiently specific, like in *Preble*, to enable the court to discern the meaning and strictly apply it to invalidate the Notice in this case. The court disagrees that the term is sufficiently specific to forgo traditional statutory interpretation methodology. The term "notice" is not defined in ORS 305.265(2)(c) and appears to be a term of common usage. "In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (citing ORS 174.020). The legislative intent is determined first from the text and context of the statute. *Id*. at 611; *State v. Gaines,* 346 Or 160, 171, 206 P3d 1042 (2009). "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. "When the legislature has not defined a word or a phrase, we assume, at least initially, that the word or phrase has its ordinary meaning, except when the words are 'terms of art' * * * drawn from a specialized trade or field." *Powerex Corp. v. Dept. of Rev.*, 357 Or 40, 61, 346 P3d 476 (2015) (citation omitted). With "terms of art," Oregon courts "look to the meaning and usage of those terms in the discipline from which the legislature borrowed them. So, for example, when a term is a legal one, [courts] look to its 'established legal meaning' as revealed by, for starters at least, legal dictionaries." *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 296, 337 P3d 768 (2014) (citation omitted). The court is mindful of the "statutory enjoinder not to insert what has been omitted, or to omit what has been inserted." *Id*; ORS 174.010.

///

Webster's defines "notice" as "warning or intimation of something: ANNOUNCEMENT * * * (4): a communication of intelligence or of a claim or demand often required by statute or contract and prescribing the matter of form of giving it * * *."  Webster's Third New Int'l Dictionary 1585 (unabridged ed 2002).  Similarly, Black's Law Dictionary defines "notice" as "information, and advice, or written warning, in more or less formal shape, intended to apprise a person of some proceeding in which his interests are involved, or informing him of some fact which it is his right to know and the duty of the notifying party to communicate."  Black's Law Dictionary 1210 (Rev 4th ed 1968.)

In *Preble,* on the subject of notice, the court stated:

> "The notice triggers the time for the taxpayer to file written objections to the proposed deficiency.  ORS 305.265(5) (1993). Without notice of the reason or the authority for each adjustment, the taxpayer could face significant disadvantages in contesting the proposed deficiency; indeed, the taxpayer might be unable to object at all.  Such a "notice" actually would notify the taxpayer of very little.  Because a notice of deficiency is invalid if it does not include the reason or the authority for each adjustment, it also is invalid if it does not include the certificate.

*Id*. at 325.

Based on the dictionary terms, and the above language in *Preble*, the court finds the meaning of notice in the statute is to ensure the taxpayer receives adequate information to understand the deficiency and respond appropriately.  Defendant's Notice of Deficiency provided sufficient information to alert Plaintiff to the deficiency.  It was sent to the correct mailing address to the attention of the individual responsible for Plaintiff's tax affairs, and included all the necessary details, such as the amount of deficiency, reasons for the assessment, statutory references, and instructions for appeal.  Plaintiff understood the Notice, as evidence by its timely and detailed request for a conference to contest the deficiency.

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
TC-MD 230444R                                                                                                      6

C. *Substantial Compliance*

Despite the finding above that the Notice was adequate under ORS 305.265, the doctrine of substantial compliance also supports the view that clerical errors should not invalidate tax notices if they still fulfill their essential purpose of notifying the taxpayer. *Brown v. Portland School Dist*. No. 1, 291 Or 77, 88, 628 P2d 1183 (1981). Perfection in form is not required, as long as the notice achieves its core function.

It is important to understand that a Notice of Deficiency "is the beginning of an administrative process and not the end of that process." *Vesta Corp. v. Dept. of Rev*., 22 OTR 539 (2018). That notice advises a taxpayer of the initial position of the department, and "that position is then subject, at the election of the taxpayer, to administrative review, judicial review, or both, under ORS 305.265 or 305.270." *Id*.

Candidly, the courts have not always provided a clear line for which errors may be excused under the doctrine of substantial compliance. For example, tax decisions have consistently held that when a statute provides a requirement for service of a document by certified mail or requires specific language such as inclusion of appeal rights, that failure to do so, voids the action. See, *Ann Sacks Tile & Stone, Inc. v. Dept. of Rev.*, 352 Or 380, 391–92, 287 P3d 1062, 1068 (2012)(use of service by e-mail not authorized by law results in dismissal of an appeal.); *Dept. of Rev. v. Umatilla Cnty.,* 10 Or Tax 309, 310–11 (1986)(failure to follow the statutory requirement to publish a budget voids the act); *AT&T Wireless Servs. Of Oregon, Inc. v. Jackson Cnty. Assessor*, TC-MD 020376E, 2003 WL 21254247 (Or Tax M Div, May 22, 2003)(failure to include an explanation of appeal rights invalidates the notice).

///

///

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Each of these cases can be distinguished because of the specificity contained in the language of each of the respective statutory provisions. In this case, as noted above, the term notice did not appear to the court to require a strict, draconian interpretation.

In *Brown*, the Plaintiff failed to serve a governmental entity with a tort claim notice by certified mail as required by the statute. Service in that case was effectuated by regular mail and the Defendant acknowledged receipt of the notice. The Supreme Court utilized the doctrine of substantial compliance stating:

> "The sufficiency of the notice given must be determined with the object of the statute in mind and technically deficient claims should not be barred where the purpose of the statute is served. [ ] The doctrine of substantial compliance has previously been used by this court to avoid the harsh results of insisting on literal compliance with statutory notice provisions where the purpose of these requirements has been met." (citation omitted)

*Id.* At 81.

Despite some criticism of the decision in subsequent cases, the *Brown* holding remains binding on this court.

### D. Federal Tax Court Cases are Persuasive

Defendant cites three federal Tax Court cases in which those courts considered whether an error in a taxpayer's name invalidated the notices of deficiency. See, *McCarthy Co. v. Comm'r*, 80 F2d 618, 622 (9th Cir 1935), *cert den*, 298 US 655 (1936) (notice addressed to "McCarthy & Co." instead of "McCarthy Company" upheld when the notice was sent to the correct address and accepted by taxpayer); *Rio Grande Holding, Inc. v. Comm'r*, TC Memo 1994-240 (1994) ("petitioner was not misled or deceived by [IRS's] use of the name 'Rio Grande Industries, Inc. and Subsidiaries' in the notice of deficiency" when that "was not petitioner's correct legal name at the time the notice of deficiency was issued" but had been the "correct legal name during the period of which deficiencies were determined" when the correct TIN was

used and the explanation "contains facts and events that related to petitioner"); and *Rauh v. Comm'r*, 22 BTA 662, 666 (1931) (notice of taxpayer as transferee of assets of "The American Sanitary Lock Corporation" instead of "The American Sanitary Lock Company" was "a merely formal defect.") While Plaintiff is correct that this court is not bound by federal decisions that are not tied to federal definitions of taxable income and that federal law regarding assessments is different than the Oregon statute under consideration, the court believes concept of notice is analogous. *Hillenga v. Dept. of Rev.*, 358 Or 178, 188, 361 P3d 598 (2015). In this case the court finds the federal tax opinions persuasive and generally supporting Defendant's position.

### III. CONCLUSION

After careful consideration, the court finds that Defendant's Notice of Deficiency for the tax year ending December 31, 2018, gave sufficient notice to Plaintiff as required by ORS 305.265(2)(c). The Notice fulfilled its statutory purpose, and the minor error in the Plaintiff's name does not invalidate it. Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment is denied and Defendant's Motion for Partial Summary Judgment is granted.

IT IS FURTHER ORDERED that the court will schedule a case management conference to discuss the remaining portions of Plaintiff's complaint by a separate notice.

_____
RICHARD DAVIS

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Magistrate Richard Davis and entered on October 31, 2024.*

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
TC-MD 230444R                                                                                              9