STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE CHRISTOPHER DISNEY,
aka Shane Robert Clark,
*Defendant-Appellant.*

Washington County Circuit Court
C091646CR; A150750

320 P3d 639

Randall Vogt argued the cause for appellant. With him
on the reply brief was Randall Vogt, PC. On the opening
brief were Peter Gartlan, Chief Defender, and Erica Herb,
Deputy Public Defender, Office of Public Defense Services.

Matt Lynse, Assistant Attorney General, argued the
cause for respondent. On the answering brief were Ellen
F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor
General, and Leigh A. Salmon, Assistant Attorney General.

Before Ortega, Presiding Judge, and Duncan, Judge, and
DeVore, Judge.

PER CURIAM

## PER CURIAM

Defendant seeks reversal of his convictions for two counts of first-degree sexual abuse, ORS 163.427. First, he contends that the trial court's admission of a videotaped interview of the child victim violated OEC 403 because the interview was "overly prejudicial in comparison to its probative value." Second, he argues that the court erred by allowing the jury to access the videotaped interview during its deliberations. And third, he asserts that the court erred when it refused to merge his guilty verdicts for first-degree sexual abuse.

We reject defendant's first and second assignments of error without further discussion. As to defendant's third assignment of error, the state concedes that defendant's two convictions for first-degree sexual abuse should have merged into a single conviction because the convictions were based on a single act of sexual contact that was charged under different theories of the single offense of first-degree sexual abuse. ORS 161.067(3); see *State v. Parkins*, 346 Or 333, 355, 211 P3d 262 (2009) (legislature intended to create a single crime of first-degree sexual abuse for single incident of sexual touching). We agree, and accept the state's concession.

Reversed and remanded with instructions to merge defendant's conviction on Count 2 into his conviction on Count 3 and for resentencing; otherwise affirmed.