Argued and submitted July 9, remanded for resentencing; otherwise affirmed
December 31, 2014

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

JEFF WAYNE URIE,
*Defendant-Respondent.*

Multnomah County Circuit Court
130532107; A155076

341 P3d 855

Matthew J. Lysne, Senior Assistant Attorney General, argued the cause for appellant. With him on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

No appearance for respondent.

Peter Gartlan, Chief Defender, and Emily P. Seltzer, Deputy Public Defender, filed the brief for *amicus curiae* Office of Public Defense Services.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

## DE MUNIZ, S. J.

In this criminal case, defendant was convicted of driving under the influence of intoxicants (DUII) for a third time within a 10-year period, making defendant's conviction a class C felony. ORS 813.011(1). Following defendant's guilty plea, the court placed defendant on three months' probation, and imposed a 90-day jail sentence, but then suspended execution of that sentence. The state filed a timely appeal, arguing that the trial court was not authorized to suspend execution of the mandatory minimum 90-day jail sentence prescribed by ORS 813.011(3).[1] *See* ORS 138.060(1)(e) (the state may appeal "[a] judgment of conviction based on the sentence as provided in ORS 138.222"). We conclude that ORS 813.011(3) does not permit the court to suspend execution of the mandatory minimum 90-day jail sentence, and we remand for resentencing.

We review the trial court's interpretation of a statute for legal error. *State v. Olive*, 259 Or App 104, 107, 312 P3d 588 (2013). We begin with ORS 813.011, which provides:

"(1)   Driving under the influence of intoxicants under ORS 813.010 shall be a Class C felony if the defendant has been convicted of driving under the influence of intoxicants in violation of ORS 813.010, or its statutory counterpart in another jurisdiction, at least two times in the 10 years prior to the date of the current offense.

"(2)   Once a person has been sentenced for a Class C felony under this section, the 10-year time limitation is

---

[1] Defendant has not filed a brief in this court. However, the Office of Public Defense Services (OPDS) filed an *amicus* brief arguing that ORS 813.011(3) is unconstitutional because it was enacted in violation of the single subject rule. Or Const Art IV, § 1(2)(d). Essentially, OPDS urges us to reach this issue as an alternative basis for affirmance. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (discussing requirements for affirmance on alternative grounds). However, "our consideration of an alternative basis for affirmance is a matter of prudential discretion and not compulsion." *Biggerstaff v. Board of County Commissioners*, 240 Or App 46, 56, 245 P3d 688 (2010). We decline to exercise that discretion here, where the issue was not raised in the trial court, the parties themselves have not addressed it on appeal, and there are significant systemic implications. *State v. Kolb*, 251 Or App 303, 312, 283 P3d 423 (2012) (declining to consider alternative basis for affirmance where, "[e]ven assuming that the development of the factual record before the trial court would not have been materially affected if that contention had been raised initially," addressing the alternative basis would require us, "without legal record development *** to decide difficult, nuanced, and systemically difficult issues").

eliminated and any subsequent episode of driving under the influence of intoxicants shall be a Class C felony regardless of the amount of time which intervenes.

"(3) Upon conviction for a Class C felony under this section, the person shall be sentenced to a mandatory minimum term of incarceration of 90 days, without reduction for any reason."

Whether the statute mandates imposition of the 90-day minimum term of incarceration is a question of statutory construction. To determine the intended meaning of the statute, we analyze it in accordance with the interpretive methodology set forth in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), as later modified by *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

The state urges us to interpret ORS 813.011(3) as a command or directive by giving the words their "plain, natural, and ordinary meaning." *PGE*, 317 Or at 611. In determining the plain meaning of words used in the statute we consult the dictionary. *Dept. of Rev. v. Faris*, 345 Or 97, 101, 190 P3d 364 (2008). However, we do not simply consult dictionaries and interpret words in a vacuum; dictionaries do not tell us what words mean, only what words can mean, depending on their context. *State v. Cloutier*, 351 Or 68, 261 P3d 1234 (2011).

Here, the first part of the sentence, "upon conviction *** the person shall be sentenced," imposes a mandate on the court to take a sentencing action. "Shall" is a command: it is used to express that an action is mandatory. *Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000); *see also Webster's Third New Int'l Dictionary* 2085 (unabridged ed 2002) (defining "shall" as a verb "used to express a command or exhortation").

The words "be sentenced to" means "to condemn to penalty or punishment." *Webster's* at 2068. Here the punishment to which a defendant is exposed is a "mandatory minimum term of 90 days." The plain meaning of the terms "mandatory" and "minimum" denote the shortest term of incarceration that is required. *Id.* at 1373 (defining "mandatory" as "containing, constituting, or relating to a mandate;

*esp*: OBLIGATORY—opposed to *directory*") (emphasis in original); *id.* at 1438 (defining "minimum" as "the least quantity assignable, admissible, or possible in a given case").

However, at sentencing, the trial court—identifying ORS 813.020(2) ("The court must impose and not suspend execution of a sentence requiring the person * * * to serve 48 hours' imprisonment[.]") as context—reasoned that it had authority to suspend execution of the 90-day mandatory minimum sentence because the legislature "clearly understood how to say 'no suspensions.'" *See, e.g., State v. Bailey*, 346 Or 551, 561, 213 P3d 1240 (2009) (relying heavily on "closely" related statute as context). However, contrasting ORS 813.020(2) with ORS 813.011(3), as the trial court appears to have done, is an improper application of the maxim *expresio unius est exclusio alterius*. Generally, when the legislature includes an express provision in one statute and omits the provision from a related statute, a court may assume that the omission was deliberate. *Springfield Utility Board v. Emerald PUD*, 339 Or 631, 642, 125 P3d 740 (2005). However, we apply that maxim only to "corroborate[], rather than suppl[y], meaning to a statute." *Colby v. Gunson*, 224 Or App 666, 671, 199 P3d 350 (2008). As the Oregon Supreme Court has noted, that maxim should be applied with caution and merely as an auxiliary rule to determine legislative intent. *Cabell et al. v. City of Cottage Grove et al.*, 170 Or 256, 281, 130 P2d 1013 (1942).

Here, the final phrase in ORS 813.011(3) is "without reduction for any reason." That qualifying phrase does not merely prohibit a sentencing court from imposing a term of incarceration that is less than the term that is mandated, but buttresses what has already been defined as "mandatory." Any other interpretation would make the qualifying phrase superfluous. *See State v. C. C.*, 258 Or App 727, 733, 311 P3d 948 (2013) ("As a matter of statutory construction, we assume that the legislature does not create superfluous language."). By not allowing a reduction, the proponents of Ballot Measure 73 (2010), the origins of ORS 813.011, intended to prevent any decrease or alternative to the mandated 90 days of incarceration. *See Webster's* at 1905 (defining "reduction" as "a decrease in size, amount, extent, or

number"). Thus, the qualifying phrase "without reduction for any reason" provides that the mandatory sentence that is imposed may not be subsequently reduced through any other action by the sentencing court.

Although our interpretation of the text and context of ORS 813.011(3) is sufficient to resolve the interpretive issue in this case, we nevertheless look to the legislative history to further illuminate the plain meaning of the words of the statute. *See Gaines*, 346 Or at 172 (court will consult legislative history after examining text and context, "even if [it] does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis"). In *Gaines*, the court concluded that the legislature, in enacting the amendments to ORS 174.020, intended to modify the interpretive methodology of *PGE* and allow legislative history to be considered in conjunction with first-level textual analysis, but cautioned that the reasonable construction of the words of the statute itself continues to be the focus of statutory interpretation. *Id.* at 171 (quoting *State v. Kelly*, 229 Or App 461, 466, 211 P3d 932 (2009)).

As mentioned, ORS 813.011 was enacted as a part of Ballot Measure 73 (2010), which was approved by statewide vote on November 2, 2010. Or Laws 2011, ch 1, § 3. As such, we determine the voters' intention by examining the Oregon Voters' Pamphlet and other information that was available to the public at the time of the vote. *Urhausen v. City of Eugene*, 341 Or 246, 253, 142 P3d 1023 (2006). The voters' pamphlet typically includes the ballot title, the explanatory statement, and the legislative argument in support of the measure. *Shilo Inn v. Multnomah County*, 333 Or 101, 130, 36 P3d 954 (2001), *modified on recons*, 334 Or 11, 45 P3d 107 (2002). Here, we acknowledge those historical items because they confirm our interpretation based on the text and context. *State v. Sagdal*, 258 Or App 890, 900, 311 P3d 941 (2013), *rev allowed*, 354 Or 814 (2014).

Proponents of Ballot Measure 73 stated that, at that time, a third conviction for DUII was a misdemeanor with no required jail time and that Ballot Measure 73 would "finally impose jail time on a third conviction." Official Voters' Pamphlet, General Election, Nov 2, 2010, 76 (argument of

Kevin L. Mannix, Wayne Brady, and Jim Thompson, Chief Petitioners). They further stated that "Measure 73 simply says that a third conviction requires stronger accountability—at least 90 days in jail—to make clear that drunken driving is deadly and is unacceptable." *Id.* (argument of Tara Lawrence, Executive Director of Oregon Anti-Crime Alliance). The voters' pamphlet demonstrates that the voters who enacted Ballot Measure 73 understood that the measure, if passed, would require a defendant convicted of felony DUII to serve at least 90 days in jail.

Based on the text, context, and legislative history, we conclude that ORS 813.011(3) does not permit a sentencing court to suspend execution of, or reduce in any way, the mandatory minimum 90-day term of incarceration provided in the statute. The trial court erred in suspending execution of the 90-day term of incarceration, and we remand to the trial court for the imposition and execution of the mandatory minimum term of incarceration.

Remanded for resentencing; otherwise affirmed.