Submitted November 25, 2014, affirmed March 18, petition for review denied July 30, 2015 (357 Or 596)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## STEVEN RYAN RASCON,
*Defendant-Appellant.*

Lane County Circuit Court
201210732; A152504

346 P3d 601

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

LAGESEN, P. J.

## LAGESEN, P. J.

Defendant appeals from a judgment entered after a jury convicted him of two counts of first-degree sodomy, ORS 163.405, and two counts of first-degree sexual abuse, ORS 163.427. Before trial, defendant moved to exclude a videotaped interview of the child victim conducted at the Kids' FIRST Center after the victim disclosed the abuse. Defendant argued that both ORS 136.420 and OEC 403 precluded the trial court from admitting the videotaped interview into evidence. The trial court denied the motion, reasoning that ORS 136.420 permitted the introduction of the videotape when the child victim would be testifying at trial and subject to cross-examination, and that the videotape was not unfairly prejudicial so as to require exclusion under OEC 403. On appeal, defendant assigns error to those rulings, as well as to the trial court's decision to send the videotape into the jury room during deliberations. We affirm.

We review for legal error the trial court's determination that ORS 136.420 did not require the exclusion of the videotaped interview. *See State v. Gaines*, 346 Or 160, 171-72, 183, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). That statute provides:

"In a criminal action, the testimony of a witness shall be given orally in the presence of the court and jury, except:

"(1)  In the case of a witness whose testimony is taken by deposition by order of the court in pursuance of the consent of the parties, as provided in ORS 136.080 to 136.100;[1] or

"(2)  As provided in ORS 131.045.[2]"

ORS 136.420.

---

[1] ORS 136.080 to 136.100 relate to the grant of a trial postponement that is contingent on "consent that the deposition of a witness may be taken and read on the trial of the case," ORS 136.080, and, when that occurs, "the deposition shall be taken and filed in court and may be read on the trial of the case in like manner and with like effect and subject to the same objections as in civil cases," ORS 136.100.

[2] ORS 131.045 specifies the circumstances under which a person may make a "personal appearance" before a court in a criminal proceeding by "simultaneous electronic transmission."

Defendant argues that the victim's statements on the videotape constitute the "testimony of a witness" within the meaning of that statute, and, as a result, the admission of the videotape violated the statute's directive that testimony "be given orally in the presence of the court and jury." In response, the state asserts that the victim's statements on the videotape do not qualify as "testimony" within the meaning of the statute, because they were not made under oath, and, as a result, the statute has no bearing on the admissibility of the videotaped interview.

We need not resolve the parties' dispute over the word "testimony" in ORS 136.420. Even assuming that the victim's statements on the videotape qualify as "testimony" within the meaning of ORS 136.420, that statute, as interpreted by both the Supreme Court and our court, did not bar the admission of those out-of-court statements under the circumstances present here. Both we and the Supreme Court long have interpreted ORS 136.420 (and its predecessors)[3] as a statutory confrontation right that is coextensive in scope with the confrontation clause of Article I, section 11, of the Oregon Constitution.[4] *See State v. Copeland,* 353 Or 816, 838, 838 n 10, 306 P3d 610 (2013); *State v. Crawley,* 242 Or 601, 603-06, 410 P2d 1012 (1966); *State ex rel. Gladden v. Lonergan,* 201 Or 163, 178-79, 269 P2d 491 (1954); *State v. Walton,* 53 Or 557, 563-65, 99 P 431 (1909); *State v. Echeverria,* 51 Or App 513, 517, 626 P2d 897, *rev den,* 291 Or 118 (1981).

So interpreted, the statute permits the introduction into evidence of out-of-court statements—even if such statements could be considered "testimony" within the meaning of ORS 136.420—under the same circumstances in which Article I, section 11, permits the introduction into evidence of out-of-court statements. *See Crawley,* 242 Or at 603-06

---

[3] ORS 136.420 has been a part of Oregon law, in more or less the same form as today, since 1864. Originally enacted as section 213 of Chapter XXII of the Criminal Code of the General Laws of Oregon, it subsequently was codified at ORS 136.530. General Laws of Oregon, Crim Code, ch XXII, § 213, p 478 (Deady 1845-1864); *former* ORS 136.530 (1953). It was renumbered to ORS 136.420 in 2009.

[4] That clause confers upon a criminal defendant "the right * * * to meet the witnesses face to face." Or Const, Art I, § 11.

(where witness had passed away between the preliminary hearing and the defendant's criminal trial, and the trial court admitted the witness's former testimony into evidence, the defendant's rights were not violated, under either Article I, section 11, or *former* ORS 136.530, because the defendant had been afforded a prior opportunity to confront and cross-examine the witness); *Walton,* 53 Or at 563-65 (where the defendant was granted a new trial but one witness had since passed away and another was beyond the jurisdiction of the trial court, the use of testimony from the defendant's previous trial did not violate Article I, section 11, or a precursor statute to ORS 136.420; the defendant's constitutional and statutory rights were adequately protected by his opportunity to cross-examine the witnesses in the prior trial); *Echeverria,* 51 Or App at 515-17 (deceased crime victim's out-of-court statements to police identifying property that had been stolen had sufficient indicia of trustworthiness to permit admission into evidence, notwithstanding the defendant's constitutional and statutory rights to confront witnesses).[5] Put another way, under that line of authority, the introduction into evidence of out-of-court statements does not violate ORS 136.420 if the defendant's state constitutional confrontation rights are met.

Here, case law makes clear that the admission of the videotape comported with defendant's confrontation rights under Article I, section 11. That is because the victim testified at trial and was subject to cross-examination, and we have held that Article I, section 11, does not prohibit the introduction of a witness's otherwise admissible out-of-court statements where the witness testifies at trial and is subject to cross-examination. *See State v. Barkley,* 315 Or 420, 431, 846 P2d 390, *cert den,* 510 US 837 (1993) (Article I, section 11, not violated by admission into evidence of videotaped interview of child sex abuse victim where victim testified under oath at trial and the defendant had the opportunity to cross-examine her about statements made on videotape and

---

[5] We note that, to the extent that *Echeverria* concluded that the admission of the out-of-court statements at issue comported with the Confrontation Clause of the Sixth Amendment to the United States Constitution, that conclusion has been called into question by the United States Supreme Court's decision in *Crawford v. Washington,* 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004).

in court); *State v. Rumary*, 173 Or App 219, 223-24, 21 P3d 166 (2001) (Article I, section 11, not violated by admission of witness's otherwise admissible out-of-court statements provided that witness testifies at trial and is subject to cross-examination).[6] We therefore conclude that the admission of the videotape comported with defendant's statutory confrontation rights under ORS 136.420, in the light of the longstanding precedent treating that right as coextensive with the confrontation right under Article I, section 11.[7]

Defendant next assigns error to the trial court's determination that OEC 403[8] did not preclude the admission of the videotaped interview. We have reviewed the videotape and conclude that the trial court did not abuse its discretion in concluding that the probative value of the tape was not substantially outweighed by the danger of unfair prejudice or other considerations. *See State v. Brumwell*, 350 Or 93, 107, 249 P3d 965 (2011), *cert den*, ___ US ___, 132 S Ct 1028, 181 L Ed 2d 757 (2012).

Finally, defendant assigns error to the trial court's decision to send the videotape into the jury room during deliberations, arguing that OEC 403 barred the court from doing so. Even if that argument is adequately preserved

---

[6] The admission of the videotape under these circumstances also comported with defendant's confrontation rights under the Sixth Amendment. *See Crawford*, 541 US at 59 n 9 ("[W]e reiterate that, when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.").

[7] In his brief on appeal, defendant acknowledges that ORS 136.420 has long been understood as a "legislative embodiment" of Article I, section 11. Consistent with that interpretation, defendant asks this court to construe ORS 136.420 coextensively with Article I, section 11—and, in part, the Sixth Amendment—for purposes of defining "testimony," but nonetheless appears to suggest that the statute should be accorded a different meaning than the constitutional provisions for purposes of determining whether the admission of such testimony violated the statute. Defendant does not articulate a basis for that conflicting treatment, and he has not developed an argument as to why, notwithstanding the longstanding authority treating ORS 136.420 as having the same scope as the confrontation right in Article I, section 11, we should nonetheless interpret it to have a different scope under the circumstances present here.

[8] OEC 403 states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

(below, defendant relied primarily on ORCP 59 C, not OEC 403, to support his contention that the videotape should not be sent into the jury room), it is foreclosed by our decision in *State v. Disney*, 260 Or App 685, 686, 320 P3d 639 (2014), in which we summarily rejected an identical argument that the trial court erred under OEC 403 "by allowing the jury to access the videotaped interview [of the child victim] during its deliberations."

Affirmed.