STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEITH ALLEN McMULLIN,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1200400; A153684

346 P3d 611

Peter Gartlan, Chief Defender, and Lindsey K. Detweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Flynn, Judge, and De Muniz, Senior Judge.

LAGESEN, P. J.

## LAGESEN, P. J.

Defendant appeals from a judgment entered after a jury convicted him of 10 counts of rape in the first degree, ORS 163.375, two counts of sodomy in the first degree, ORS 163.405, and 10 counts of sexual abuse in the first degree, ORS 163.427. On appeal, defendant assigns error to, among other things, the trial court's denial of his motion to exclude a videotaped interview of the child victim conducted at the Children's Center and its imposition of a sentence pursuant to Ballot Measure 73 (2010) on two of the counts against him. We affirm.

With respect to his first assignment of error, defendant contends that ORS 136.420[1] precluded the trial court from admitting the videotaped interview into evidence.[2] He asserts that, because the victim's statements on the videotape constitute the "testimony of a witness" within the meaning of ORS 136.420, the admission of the videotape violated the statute's directive that testimony "be given orally in the presence of the court and jury."

But, as we observed in *State v. Rascon*, 269 Or App 844, 846, 346 P3d 601 (2015), ORS 136.420 has long been

---

[1] That statute provides:

"In a criminal action, the testimony of a witness shall be given orally in the presence of the court and jury, except:

"(1) In the case of a witness whose testimony is taken by deposition by order of the court in pursuance of the consent of the parties, as provided in ORS 136.080 to 136.100; or

"(2) As provided in ORS 131.045."

ORS 136.420.

[2] Defendant also contends that admission of the videotape violated OEC 403 and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Neither argument is preserved for our review. Defendant made no due process arguments, either written or oral, to the trial court with respect to admission of the videotape. And, although defendant argued in his motion *in limine* that OEC 403 precluded admission of the videotape, the trial court does not appear to have ruled on that issue, and defendant neither sought a ruling nor objected to the admission of the tape on those grounds at trial. *See Purcell v. Asbestos Corp., Ltd.*, 153 Or App 415, 432-33, 959 P2d 89, *adh'd to as modified on recons*, 155 Or App 1, 963 P2d 729 (1998) (finding OEC 403 challenge unpreserved where appellant had raised the objection in a pretrial written motion, but did not "seek a ruling by the trial court under OEC 403 specifically, either during the pretrial hearing or when the evidence was introduced at trial, nor did the trial court make such a ruling").

interpreted as a statutory confrontation right that is "coextensive in scope" with Article I, section 11, of the Oregon Constitution.[3] Accordingly, ORS 136.420 is not violated by the introduction into evidence of out-of-court statements, so long as a defendant's state constitutional confrontation rights are met. *Rascon*, 269 Or App at 847. Here, it is undisputed that admission of the videotape satisfied Article I, section 11, because the victim testified at trial and was subject to cross-examination. We therefore reject defendant's first assignment of error.[4]

Defendant's second and third assignments of error concern the constitutionality of Measure 73,[5] an initiative

---

[3] Article I, section 11, guarantees a criminal defendant "the right *** to meet the witnesses face to face."

[4] At trial, relying largely on ORCP 59 C, defendant also argued that, even if the videotape was admissible, the trial court should not send the tape into the jury room during deliberations. The state did not object to that approach, and the trial court ruled that to admit the videotape in addition to the victim's testimony "would be cumulative and run the risk that [the jury would] attach too much significance to that earlier out-of-court statement." Whether that approach was correct is not at issue on appeal.

[5] Measure 73 provides:

"**Section 1.** This Act shall be known as the Oregon Crimefighting Act.

"**Section 2.** a. Any person who is convicted of a major felony sex crime, who has one (or more) previous conviction of a major felony sex crime, shall be imprisoned for a mandatory minimum term of 25 years.

"b. 'Major felony sex crime' means rape in the first degree (ORS 163.375), sodomy in the first degree (ORS 163.405), unlawful sexual penetration in the first degree (ORS 163.411), or using a child in a display of sexually explicit conduct (ORS 163.670).

"c. 'Previous conviction' includes a conviction for the statutory counterpart of a major felony sex crime in any jurisdiction, and includes a conviction in the same sentencing proceeding if the conviction is for a separate criminal episode as defined in ORS 131.505.

"**Section 3.** a. Driving under the influence of intoxicants (ORS 813.010) shall be a class C felony if the defendant has been convicted of driving under the influence of intoxicants in violation of ORS 813.010, or its statutory counterpart in another jurisdiction, at least two times in the 10 years prior to the date of the current offense.

"b. Once a person has been sentenced for a class C felony under this section, the 10-year time limitation is eliminated and any subsequent episode of driving under the influence of intoxicants shall be a class C felony regardless of the amount of time which intervenes.

"c. Upon conviction for a class C felony under this section, the person shall be sentenced to a mandatory minimum term of incarceration of 90 days, without reduction for any reason.

petition that was passed by the voters in 2010, and created enhanced penalties for some repeat sex offenders and intoxicated drivers. Defendant was convicted of two counts of first-degree rape that occurred after the effective date of Measure 73, and, pursuant to section 2 of that measure, codified at ORS 137.690, he received a mandatory sentence of 300 months of incarceration to run concurrently on those two counts. Defendant challenges the application of Measure 73 to his case, contending that the measure was submitted to the voters for their approval in violation of the single-subject requirement of Article IV, section 1(2)(d), of the Oregon Constitution.[6] Specifically, defendant argues that Measure 73 runs afoul of Article IV, section 1(2)(d), because it impermissibly addresses two subjects: (1) the imposition of mandatory minimum sentences of 25 years for major felony sex crimes for second-time offenders, and (2) the creation of a new crime of felony DUII for third-time offenders, subject to a mandatory minimum term of incarceration of 90 days.

We rejected an identical challenge in *State v. Mercer*, 269 Or App 135, 140, 344 P3d 109 (2015), in which we concluded that the unifying principle that connects the different provisions of Measure 73 is "enhanced punishments for offenders repeatedly convicted of specified crimes." (Internal quotation marks omitted.) *See State ex rel Caleb v. Beesley*, 326 Or 83, 91, 949 P2d 724 (1997) (measure embraces a single subject if the reviewing court can discern a "unifying principle logically connecting all provisions" in the measure). Because we have already held that Measure 73 was not adopted in violation of the single-subject requirement of Article IV, section 1(2)(d), we reject defendant's second and third assignments of error.

We reject defendant's remaining assignments of error without discussion.

Affirmed.

_____

"d. The state shall fully reimburse any county for the county's costs of incarceration, including any pretrial incarceration, for a person sentenced under this section."

[6] Article IV, section 1(2)(d), provides, in pertinent part, "A proposed law or amendment to the Constitution shall embrace one subject only and matters properly connected therewith."