Argued and submitted December 15, 2014, remanded for resentencing; otherwise affirmed May 13, petition for review denied August 20, 2015
(357 Or 640)

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## KEISHA MARIE EPPS,
*Defendant-Respondent.*

Multnomah County Circuit Court
130733156; A155075

349 P3d 659

Matthew J. Lysne, Senior Assistant Attorney General, argued the cause for appellant. With him on the briefs were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Emily P. Seltzer, Deputy Public Defender, argued the cause for respondent. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Flynn, Presiding Judge, and Haselton, Chief Judge, and De Muniz, Senior Judge.

PER CURIAM

**PER CURIAM**

In this criminal case, the state appeals from a judgment that imposed a 90-day term of incarceration as a result of defendant's conviction for felony driving under the influence of intoxicants (DUII), but suspended execution of that sentence. The state is correct that the sentencing court erred in suspending execution of the 90-day term of incarceration. ORS 813.011 provides that DUII is a Class C felony, for which a defendant "shall be sentenced to a mandatory minimum term of incarceration of 90 days" if the defendant has been convicted of DUII at least twice within the 10 years prior to the current offense. As we recently held in *State v. Urie*, 268 Or App 362, 367, 341 P3d 855 (2014), "ORS 813.011(3) does not permit a sentencing court to suspend execution of, or reduce in any way, the mandatory minimum 90-day term of incarceration provided in the statute."

Defendant argues in the alternative that ORS 813.011, which was enacted by voters in 2011 as part of Measure 73, is invalid because Measure 73 violated the single-subject rule found in Article IV, section 1(2)(d), of the Oregon Constitution. However, another recent case disposes of that argument as well. We concluded in *State v. Mercer*, 269 Or App 135, 142, 344 P3d 109 (2015), that "Measure 73 was not adopted in violation of the single-subject requirement of Article IV, section 1(2)(d)."

Remanded for resentencing; otherwise affirmed.